FILED
SARPY COUNTY
DISTRICT COURT
10 JUL 15 AM 9: 45

IN THE DISTRICT COURT OF SARPY COUNTY, STATE OF NEBRASKA

| KEVIN SULLIVAN, Plaintiff, v. CITY OF BELLEVUE, NEBRASKA, Defendant. | Case No. CI10-1422 <br><br> **COMPLAINT** <br> **(LAW)** <br><br> JURY TRIAL DEMANDED <br><br> Assigned to Judge |
|---|---|

COMES NOW Plaintiff, KEVIN SULLIVAN, and files this Complaint seeking damages from Defendant, CITY OF BELLEVUE, NEBRASKA, and in support thereof alleges as follows:

### FIRST COUNT
### VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967
### 29 U.S.C. § 626(c)(1)

1. Plaintiff, Kevin Sullivan, is now, and at all times relevant in this Complaint was, an individual and resident of Sarpy County, Nebraska.

2. Defendant, City of Bellevue, Nebraska, is now, and at all times relevant in this Complaint was, a political subdivision of the State of Nebraska located in Sarpy County, and an employer of 25 or more persons.

3. Plaintiff was employed by Defendant in various positions from 1980 until 2008, including as Code Enforcement Inspector from 1995 until 2008.

4. Defendant terminated Plaintiff's employment on August 25, 2008.

5. Plaintiff, at the time of his termination, was at least forty (40) years old.

6. From 1980 until 2008, Plaintiff's performance was generally satisfactory.

7. In the spring of 2008, Defendant's agent(s) began excessively disciplining Plaintiff in an effort to terminate Plaintiff's employment for reasons that can only be attributed to his age and actual, perceived or regarded disability.

1


EXHIBIT A

8. In the middle of 2008, Plaintiff sought to transfer from the Police Department to the Public Works Department, but the request was denied for reasons that can only be attributed to his age and actual, perceived or regarded disability.

9. In the middle of 2008, Plaintiff sought to be interviewed and hired for a position within the Street Maintenance Department, but the request was denied for reasons that can only be attributed to his age and actual, perceived or regarded disability.

10. Upon information and belief, within approximately one month of Plaintiff's termination on August 25, 2008, Defendant hired an approximately twenty (20) year-old individual to replace Plaintiff as Code Enforcement Inspector.

11. Defendant's stated reason for discharging Plaintiff was false and based on facts fabricated by one or more of Defendant's agents in an effort to allege a legitimate, nondiscriminatory basis for discharging Plaintiff, when in truth one or more agents of Defendant intended to willfully discharge Plaintiff because of Plaintiff's age.

12. But for Plaintiff's age, Defendant would not have denied Plaintiff the opportunity to transfer to another position, failed to hire for another position, or terminated Plaintiff's employment.

13. Plaintiff intended to continue in Defendant's employment until Plaintiff's anticipated retirement.

14. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered damages in lost wages and future wages.

15. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered damages relating to emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life.

16. Plaintiff filed a charge of discrimination with the Nebraska Equal Opportunity Commission and the U.S. Equal Employment Opportunity Commission and has satisfied the procedural and jurisdictional requirements for bringing suit in this Court.

WHEREFORE, Plaintiff prays for judgment ordering reinstatement to Plaintiff's previous position and an award of damages relating to Plaintiff's lost wages, or alternatively, ordering an award damages relating to Plaintiff's lost and future wages; ordering an award of fringe benefits; ordering an award of damages relating to Plaintiff's emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life; ordering other general, special or liquidated damages as proven at trial; ordering an award of costs and attorney fees to Plaintiff against Defendant pursuant to 29 U.S.C. § 216(b); and ordering any further legal or equitable relief as the Court may deem appropriate to effectuate the purposes of the Age Discrimination in Employment Act of 1967.

## SECOND COUNT
## VIOLATION OF ACT PROHIBITING UNJUST DISCRIMINATION IN EMPLOYMENT BECAUSE OF AGE
## Neb. Rev. Stat. § 48-1008

17. Plaintiff incorporates by reference paragraphs 1-16, inclusive, as if fully set forth.

18. Plaintiff, at the time of his termination, was at least forty (40) years old and under the age of seventy (70).

19. Age is not a bona fide occupational qualification, reasonably necessary to the normal operation of Defendant's business, for employment as Code Enforcement Inspector.

20. Defendant did not have good cause to discharge or otherwise discipline Plaintiff.

WHEREFORE, Plaintiff prays for judgment ordering reinstatement to Plaintiff's previous position and an award of damages relating to Plaintiff's lost wages, or alternatively, ordering an award damages relating to Plaintiff's lost and future wages; ordering an award of fringe benefits; ordering an award of damages relating to Plaintiff's emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life; ordering other general, special or liquidated damages as proven at trial; ordering an award of costs and attorney fees to Plaintiff against Defendant; and ordering any further legal or equitable relief as the Court may deem appropriate to effectuate the purposes of the Act Prohibiting Unjust Discrimination in Employment Because of Age.

### THIRD COUNT
### VIOLATION OF AMERICANS WITH DISABILITIES ACT OF 1990
### 42 U.S.C. § 12101 et seq.

21. Plaintiff incorporates by reference paragraphs 1-20, inclusive, as if fully set forth.

22. On December 20, 2007, Plaintiff was involved in a work-related car accident in a vehicle supplied by Defendant and Plaintiff suffered personal injuries as a result.

23. As a result of Plaintiff's December 20, 2007 car accident, Plaintiff suffered physical and mental impairment that substantially limited one or more major life activities, including the major life activity of working.

24. Following Plaintiff's December 20, 2007, car accident, Defendant began excessively reprimanding Plaintiff in an effort to terminate Plaintiff's employment.

4

25. Plaintiff's physical and mental impairment was recorded by medical professionals with at least four medical facilities in 2008 and at least one medical facility in 2009 and 2010.

26. At least one medical professional communicated Plaintiff's mental impairment to Defendant.

27. Defendant regarded Plaintiff as having actual physical or mental impairments.

28. Defendant perceived Plaintiff as having physical or mental impairments.

29. Defendant did not make any reasonable accommodations for Plaintiff, despite repeated requests by Plaintiff.

30. Due to Plaintiff's actual, regarded or perceived disability, Defendant refused to transfer or hire Plaintiff to or for a different position within other departments, despite repeated requests by Plaintiff.

31. Due to Plaintiff's actual, regarded or perceived disability, Defendant discharged Plaintiff.

32. Defendant's stated reasons for not transferring, hiring, and discharging Plaintiff were false and based on facts fabricated by one or more of Defendant's agents in an effort to allege a legitimate, nondiscriminatory basis for not transferring, hiring, and discharging Plaintiff, when in truth one or more agents of Defendant intended to willfully discharge Plaintiff because of Plaintiff's actual or perceived disability.

WHEREFORE, Plaintiff prays for judgment ordering reinstatement to Plaintiff's previous position and an award of damages relating to Plaintiff's lost wages, or alternatively, ordering an award damages relating to Plaintiff's lost and future wages; ordering an award of fringe benefits; ordering an award of damages relating to Plaintiff's emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of

life; ordering other general, special or liquidated damages as proven at trial; ordering an award of costs and attorney fees to Plaintiff against Defendant; and ordering any further legal or equitable relief as the Court may deem appropriate to effectuate the purposes of the Americans With Disabilities Act of 1990.

## FOURTH COUNT
### VIOLATION OF NEBRASKA FAIR EMPLOYMENT PRACTICE ACT
### Neb. Rev. Stat. § 48-1101 et seq.

33. Plaintiff incorporates by reference paragraphs 1-32, inclusive, as if fully set forth.

WHEREFORE, Plaintiff prays for judgment ordering reinstatement to Plaintiff's previous position and an award of damages relating to Plaintiff's lost wages, or alternatively, ordering an award damages relating to Plaintiff's lost and future wages; ordering an award of fringe benefits; ordering an award of damages relating to Plaintiff's emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life; ordering other general, special or liquidated damages as proven at trial; ordering an award of costs and attorney fees to Plaintiff against Defendant; and ordering any further legal or equitable relief as the Court may deem appropriate to effectuate the purposes of the Nebraska Fair Employment Practice Act.

## FIFTH COUNT
### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
### Nebraska Common Law

34. Plaintiff incorporates by reference paragraphs 1-33, inclusive, as if fully set forth.

35. The Nebraska Legislature has articulated a public policy prohibiting discrimination on the basis of age and disability.

WHEREFORE, Plaintiff prays for an award of damages relating to Plaintiff's lost and future wages; an award of fringe benefits; an award of costs and attorney fees to Plaintiff against Defendant; and any further legal or equitable relief as the Court may deem appropriate.

### SIXTH COUNT
### INFLICTION OF EMOTIONAL DISTRESS
### Nebraska Common Law

36. Plaintiff incorporates by reference paragraphs 1-35, inclusive, as if fully set forth.

37. The conduct of Defendant and its agents in conspiring to discriminate against Plaintiff was outrageous in character and extreme in degree.

38. As a direct and proximate result of the conduct of Defendant and its agents in conspiring to discriminate against Plaintiff, Plaintiff suffered severe emotional distress.

WHEREFORE, Plaintiff prays for an award of damages relating to Plaintiff's emotional distress; an award of costs and attorney fees to Plaintiff against Defendant; and any further legal or equitable relief as the Court may deem appropriate.

**PLAINTIFF MAKES DEMAND FOR TRIAL BY JURY.**

RESPECTFULLY SUBMITTED,

KEVIN SULLIVAN, Plaintiff,

By: _____
Carol A. Cleaver, NE24288
Ben Thompson, NE22025
Thompson Law Office, PC, LLO
13906 Gold Circle, Suite 201
Omaha, NE 68144
(402) 330-3060
*Attorneys for Plaintiff*

4841-1435-9814

IN THE DISTRICT COURT OF SARPY COUNTY, STATE OF NEBRASKA

| | |
|---|---|
| KEVIN SULLIVAN,<br>Plaintiff,<br><br>v.<br><br>CITY OF BELLEVUE, NEBRASKA,<br>Defendant. | Case No. _____<br><br>**PRAECIPE FOR SUMMONS** |

TO THE CLERK OF THE COURT:

Please issue summons for service of the Complaint filed herein upon the following defendant(s) and address(es):

**City of Bellevue, Nebraska
Attn: Kay Dammast, City Clerk
210 West Mission Ave.
Bellevue, NE 68005**

KEVIN SULLIVAN, Plaintiff,

By: _____
Carol A. Cleaver, NE24288
Ben Thompson, NE22025
Thompson Law Office, PC, LLO
13906 Gold Circle, Suite 201
Omaha, NE 68144
(402) 330-3060
*Attorneys for Plaintiff*

### Method of Service:

☐ Personal Service (Please forward to sheriff or constable)

☐ Residence Service (Please forward to sheriff or constable)

☒ Certified Mail Service (Please return to Plaintiff's attorney)

☐ Out-of-State Service (Please return to Plaintiff's attorney)

### By Court Order for Alternate Service:

☐ Private Process Service (Please return to Plaintiff's attorney)

☐ Leaving Copy at Residence and Mailing via First Class Mail (Please return to Plaintiff's attorney)

☐ Service by Publication in following newspaper: _____

Image ID:                    **SUMMONS**                    Doc. No.    93792

IN THE DISTRICT COURT OF Sarpy COUNTY, NEBRASKA
Sarpy County Courthouse
1210 Golden Gate Dr, Ste 3141
Papillion            NE 68046 3087

Kevin Sullivan v. City of Bellevue, Nebraska

Case ID: CI 10   1422

TO: City of Bellevue, Nebraska

You have been sued by the following plaintiff(s):

   Kevin Sullivan

Plaintiff's Attorney:   Benjamin W Thompson
Address:                13906 Gold Cir Ste 201
                        Omaha, NE 68144

Telephone:              (402) 330-3060

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Date: JULY 15, 2010      BY THE COURT:   *Carol Kremer*
                                         Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

   City of Bellevue, Nebraska
   Attn: Kay Dammast, City Clerk
   210 West Mission Ave
   Bellevue, NE 68005

Method of service: Certified Mail
Special Instructions:
Copy of Complaint

You are directed to make such service within twenty days after date of issue, and show proof of service as provided by law.



IN THE DISTRICT COURT OF SARPY COUNTY, STATE OF NEBRASKA

| | |
|---|---|
| KEVIN SULLIVAN,<br>　　　　Plaintiff,<br><br>v.<br><br>CITY OF BELLEVUE, NEBRASKA,<br>　　　　Defendant. | Case No. CI 10 1422<br><br>**AMENDED COMPLAINT<br>(LAW)**<br><br>*JURY TRIAL DEMANDED*<br><br>Assigned to Judge David K. Arterburn |

COMES NOW Plaintiff, KEVIN SULLIVAN, and files this Complaint seeking damages from Defendant, CITY OF BELLEVUE, NEBRASKA, and in support thereof alleges as follows:

### FIRST COUNT
### VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967
### 29 U.S.C. § 626(c)(1)

1. Plaintiff, Kevin Sullivan, is now, and at all times relevant in this Complaint was, an individual and resident of Sarpy County, Nebraska.

2. Defendant, City of Bellevue, Nebraska, is now, and at all times relevant in this Complaint was, a political subdivision of the State of Nebraska located in Sarpy County, and an employer of 25 or more persons.

3. Plaintiff was employed by Defendant in various positions from 1980 until 2008, including as Code Enforcement Inspector from 1995 until 2008.

4. Defendant terminated Plaintiff's employment on August 25, 2008.

5. Plaintiff, at the time of his termination, was at least forty (40) years old.

6. From 1980 until 2008, Plaintiff's performance was generally satisfactory.

7. In the spring of 2008, Defendant's agent(s) began excessively disciplining Plaintiff in an effort to terminate Plaintiff's employment for reasons that can only be attributed to his age and actual, perceived or regarded disability.

8. In the middle of 2008, Plaintiff sought to transfer from the Police Department to the Public Works Department, but the request was denied for reasons that can only be attributed to his age and actual, perceived or regarded disability.

9. In the middle of 2008, Plaintiff sought to be interviewed and hired for a position within the Street Maintenance Department, but the request was denied for reasons that can only be attributed to his age and actual, perceived or regarded disability.

10. Upon information and belief, within approximately one month of Plaintiff's termination on August 25, 2008, Defendant hired an approximately twenty (20) year-old individual to replace Plaintiff as Code Enforcement Inspector.

11. Defendant's stated reason for discharging Plaintiff was false and based on facts fabricated by one or more of Defendant's agents in an effort to allege a legitimate, nondiscriminatory basis for discharging Plaintiff, when in truth one or more agents of Defendant intended to willfully discharge Plaintiff because of Plaintiff's age.

12. But for Plaintiff's age, Defendant would not have denied Plaintiff the opportunity to transfer to another position, failed to hire for another position, or terminated Plaintiff's employment.

13. Plaintiff intended to continue in Defendant's employment until Plaintiff's anticipated retirement.

14. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered damages in lost wages and future wages.

15. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered damages relating to emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life.

16. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered damages in out-of-pocket expenses for mental health treatment, including at least $410 for counseling fees.

17. Plaintiff filed a charge of discrimination with the Nebraska Equal Opportunity Commission and the U.S. Equal Employment Opportunity Commission and has satisfied the procedural and jurisdictional requirements for bringing suit in this Court.

WHEREFORE, Plaintiff prays for judgment ordering reinstatement to Plaintiff's previous position and an award of damages relating to Plaintiff's lost wages, or alternatively, ordering an award damages relating to Plaintiff's lost and future wages; ordering an award of fringe benefits; ordering an award of damages relating to Plaintiff's emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life; ordering an award of damages relating to Plaintiff's out-of-pocket expenses for mental health treatment; ordering other general, special or liquidated damages as proven at trial; ordering an award of costs and attorney fees to Plaintiff against Defendant pursuant to 29 U.S.C. § 216(b); and ordering any further legal or equitable relief as the Court may deem appropriate to effectuate the purposes of the Age Discrimination in Employment Act of 1967.

## SECOND COUNT
### VIOLATION OF ACT PROHIBITING UNJUST DISCRIMINATION IN EMPLOYMENT BECAUSE OF AGE
### Neb. Rev. Stat. § 48-1008

18. Plaintiff incorporates by reference paragraphs 1-17, inclusive, as if fully set forth.

19. Plaintiff, at the time of his termination, was at least forty (40) years old and under the age of seventy (70).

20. Age is not a bona fide occupational qualification, reasonably necessary to the normal operation of Defendant's business, for employment as Code Enforcement Inspector.

21. Defendant did not have good cause to discharge or otherwise discipline Plaintiff.

WHEREFORE, Plaintiff prays for judgment ordering reinstatement to Plaintiff's previous position and an award of damages relating to Plaintiff's lost wages, or alternatively, ordering an award damages relating to Plaintiff's lost and future wages; ordering an award of fringe benefits; ordering an award of damages relating to Plaintiff's emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life; ordering an award of damages relating to Plaintiff's out-of-pocket expenses for mental health treatment; ordering other general, special or liquidated damages as proven at trial; ordering an award of costs and attorney fees to Plaintiff against Defendant; and ordering any further legal or equitable relief as the Court may deem appropriate to effectuate the purposes of the Act Prohibiting Unjust Discrimination in Employment Because of Age.

### THIRD COUNT
### VIOLATION OF AMERICANS WITH DISABILITIES ACT OF 1990
### 42 U.S.C. § 12101 et seq.

22. Plaintiff incorporates by reference paragraphs 1-21, inclusive, as if fully set forth.

23. On December 20, 2007, Plaintiff was involved in a work-related car accident in a vehicle supplied by Defendant and Plaintiff suffered personal injuries as a result.

24. As a result of Plaintiff's December 20, 2007 car accident, Plaintiff suffered physical and mental impairment that substantially limited one or more major life activities, including the major life activity of working.

25. Following Plaintiff's December 20, 2007, car accident, Defendant began excessively reprimanding Plaintiff in an effort to terminate Plaintiff's employment.

26. Plaintiff's physical and mental impairment was recorded by medical professionals with at least four medical facilities in 2008 and at least one medical facility in 2009 and 2010.

27. At least one medical professional communicated Plaintiff's mental impairment to Defendant.

28. Defendant regarded Plaintiff as having actual physical or mental impairments.

29. Defendant perceived Plaintiff as having physical or mental impairments.

30. Defendant did not make any reasonable accommodations for Plaintiff, despite repeated requests by Plaintiff.

31. Due to Plaintiff's actual, regarded or perceived disability, Defendant refused to transfer or hire Plaintiff to or for a different position within other departments, despite repeated requests by Plaintiff.

32. Due to Plaintiff's actual, regarded or perceived disability, Defendant discharged Plaintiff.

33. Defendant's stated reasons for not transferring, hiring, and discharging Plaintiff were false and based on facts fabricated by one or more of Defendant's agents in an effort to allege a legitimate, nondiscriminatory basis for not transferring, hiring, and discharging Plaintiff, when in truth one or more agents of Defendant intended to willfully discharge Plaintiff because of Plaintiff's actual or perceived disability.

WHEREFORE, Plaintiff prays for judgment ordering reinstatement to Plaintiff's previous position and an award of damages relating to Plaintiff's lost wages, or alternatively, ordering an award damages relating to Plaintiff's lost and future wages; ordering an award of fringe benefits; ordering an award of damages relating to Plaintiff's emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life; ordering an award of damages relating to Plaintiff's out-of-pocket expenses for mental health treatment; ordering other general, special or liquidated damages as proven at trial; ordering an award of costs and attorney fees to Plaintiff against Defendant; and ordering any further legal or equitable relief as the Court may deem appropriate to effectuate the purposes of the Americans With Disabilities Act of 1990.

## FOURTH COUNT
### VIOLATION OF NEBRASKA FAIR EMPLOYMENT PRACTICE ACT
### Neb. Rev. Stat. § 48-1101 et seq.

34. Plaintiff incorporates by reference paragraphs 1-33, inclusive, as if fully set forth.

WHEREFORE, Plaintiff prays for judgment ordering reinstatement to Plaintiff's previous position and an award of damages relating to Plaintiff's lost wages, or alternatively, ordering an award damages relating to Plaintiff's lost and future wages; ordering an award of fringe benefits; ordering an award of damages relating to Plaintiff's emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life; ordering an award of damages relating to Plaintiff's out-of-pocket expenses for mental health treatment; ordering other general, special or liquidated damages as proven at trial; ordering an award of costs and attorney fees to Plaintiff against

Defendant; and ordering any further legal or equitable relief as the Court may deem appropriate to effectuate the purposes of the Nebraska Fair Employment Practice Act.

### FIFTH COUNT
### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
### Nebraska Common Law

35. Plaintiff incorporates by reference paragraphs 1-34, inclusive, as if fully set forth.

36. The Nebraska Legislature has articulated a public policy prohibiting discrimination on the basis of age and disability.

WHEREFORE, Plaintiff prays for an award of damages relating to Plaintiff's lost and future wages; an award of fringe benefits; an award of damages relating to Plaintiff's out-of-pocket expenses for mental health treatment; an award of costs and attorney fees to Plaintiff against Defendant; and any further legal or equitable relief as the Court may deem appropriate.

### SIXTH COUNT
### INFLICTION OF EMOTIONAL DISTRESS
### Nebraska Common Law

37. Plaintiff incorporates by reference paragraphs 1-36, inclusive, as if fully set forth.

38. The conduct of Defendant and its agents in conspiring to discriminate against Plaintiff was outrageous in character and extreme in degree.

39. As a direct and proximate result of the conduct of Defendant and its agents in conspiring to discriminate against Plaintiff, Plaintiff suffered severe emotional distress.

WHEREFORE, Plaintiff prays for an award of damages relating to Plaintiff's emotional distress; an award of damages relating to Plaintiff's out-of-pocket expenses

for mental health treatment; an award of costs and attorney fees to Plaintiff against Defendant; and any further legal or equitable relief as the Court may deem appropriate.

**PLAINTIFF MAKES DEMAND FOR TRIAL BY JURY.**

RESPECTFULLY SUBMITTED,

KEVIN SULLIVAN, Plaintiff,

By: _____

Carol A. Cleaver, NE24288
Ben Thompson, NE22025
Thompson Law Office, PC, LLO
13906 Gold Circle, Suite 201
Omaha, NE 68144
(402) 330-3060
*Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document was served by delivering the same by the method shown below addressed to:

**City of Bellevue, Nebraska
Attn: Kay Dammast, City Clerk
210 West Mission Ave.
Bellevue, NE 68005**

Dated this 23rd day of July 2010.

**Method of Service:**

☑ First Class Mail          ☐ Same Day Courier          ☐ Electronic Case Filing (ECF)
☐ Hand Delivery             ☐ Overnight Courier          ☐ Facsimile

By: _____

4850-0513-2295, v. 1